

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| RICHARD L. SMITH,<br><br>               Plaintiff,<br><br>vs.<br><br>BECHTEL SAVANNAH RIVER, INC.,<br><br>               Defendant. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 1:03-0129-HFF-BM<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

This is a Rule 56 motion for summary judgment.[1]  This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report) in which he suggests that Defendant's motion for summary judgment be granted.  The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

**II.     STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.

---

[1] Rule 56(c) states in part, "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

*See Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge Bristow Marchant filed his report on May 16, 2005.  Plaintiff timely filed his objections to the report on June 2, 2005.  The Court will review each of the objections in turn.

## IV.    PLAINTIFF'S OBJECTIONS

### A.    *Employment Discrimination*

Plaintiff's complaint alleges employment discrimination in violation of 42 U.S.C. § 2000e-2(a), which in part prohibits employers from terminating an individual based on race, color, religion, sex, or national origin.  Plaintiff's complaint claims disparate treatment on the basis of his race.

As stated by the Magistrate Judge, claims of disparate treatment require proof of intentional discrimination as established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  Under *McDonnell Douglas,* Plaintiff must first establish a *prima facie* case of discrimination.  Plaintiff, in his objections, acknowledges the *McDonnell Douglas* requirement.

Plaintiff claims that a *prima facie* case of discrimination exists.  Plaintiff argues that Defendant banned Confederate memorabilia from the workplace because it held a prejudicial belief that the flag was a symbol of "white" racism.  Plaintiff continues that "Defendant believed that . . . the color of [Plaintiff's] skin was thought to disqualify him from displaying Confederate symbols at work." (Def. Objections at 6.)  This statement is inaccurate as Defendant's workplace policy bans all employees from displaying such memorabilia regardless of the individual's race.  The evidence fails to demonstrate a disparate impact; the policy falls on all employees equally.  Plaintiff fails to establish that Defendant's policy was based on Plaintiff's race.

Furthermore, Defendant's policy is not *per se* discrimination. In fact, Defendant's policy is designed to avoid discrimination. Defendant's conclusion that Confederate memorabilia may create a racially hostile work environment is reasonable given recent court decisions. *See Smalley v. Streuli Sales, Inc.,* 2000 U.S. Dist. LEXIS 5102 (M.D.N.C. 2002) (holding that display of Confederate flag in the workplace was sufficient to allow a jury to find for plaintiff in their hostile work environment claims); *Norris v. City of Anderson*, 1999 U.S. Dist. LEXIS 22612 (D.S.C. 1999) (holding that jury could find workplace hostility based on Confederate memorabilia).

Plaintiff himself acknowledges that members of various racial groups recognize and display Confederate memorabilia. Given this concession, it is unclear why a policy restricting the display of Confederate memorabilia falls on one particular race more than another. Because Plaintiff has failed to show that Defendant's actions were based on Plaintiff's race, this Court agrees with the Magistrate Judge that Plaintiff lacks a *prima facie* case of discrimination.

## V.     CONCLUSION

Therefore, after a thorough review of the report and the objections pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the report to the extent that it does not contradict this order and incorporates it herein. Accordingly it is the judgment of this court that Defendant's motion for summary judgement be **GRANTED.**

**IT IS SO ORDERED.**

Signed this 12th day of July, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE